**ENDORSEMENT**

<u>Hassan Chahine v. The City of New York, et al.</u>,
19 Civ. 276 (LTS)(HBP)

      Plaintiff's motion to file a second amended complaint (Docket Item 67) is granted. All defendants other than Gucci America, Inc. ("Gucci") consent to the motion. In response to an inquiry from my staff, Gucci has advise that it will not be filing any opposition to the motion. Thus, the motion is unopposed.

      Plaintiff is directed to serve and file the second amended complaint no later than June 7, 2019.

      The Clerk of the Court is requested to mark Docket Item 67 closed.

Dated:  New York, New York
         June 3, 2019

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/19
```

# raiser&kenniff

## ATTORNEYS AT LAW

**Partners**
Steven M. Raiser
Thomas A. Kenniff
Bruce R. Connolly
Ethan D. Irwin
Anthony V Falcone

**Associates**
E. Gordon Haesloop
Nipun Marwaha

300 Old Country Road, Suite 351
Mineola, New York 11501
Tel. 516-742-7600 • Fax 516-742-7618

**Of Counsel**
Edward Fregosi
John J. Rivas
Amy Sklar
Patricia A. Craig
Anthony J. Colleluori

May 17, 2019

**VIA ECF & REGULAR MAIL**
Chambers of the Honorable Laura Taylor Swain
United States Courthouse
500 Pearl St.
New York, N.Y. 10007-1312

    Re: *Hassan Chahine v. The City of New York, et al.*
       Docket No. 19-cv-276
       **Letter Motion seeking Leave to Amend the Complaint**

Dear Hon. Swain:

  Our office represents the Plaintiff Hassan Chahine ("Plaintiff" or "Chahine"). This letter motion is respectfully submitted to seek Leave to Amend the Complaint, in response to the motion pursuant to Federal Rule of Civil Procedure 12(b)(6) submitted by Defendant Gucci America, Inc. ("Gucci"). Additionally, this letter motion is made in anticipation of a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant William Friberg ("Friberg").

  Pursuant your Honor's Individual Part Rule A(1)(b), we have consulted with all parties in an effort to obtain consent for leave to amend. Plaintiff has received the consent of counsel for Defendants City and Friberg only. Therefore, as expressed further below, Plaintiff respectfully requests that this Court issue an Order granting Plaintiff leave to amend the Complaint, thereby staying the briefing on Defendant Gucci's motion to dismiss.

### Procedural History

  The above-entitled action was commenced via the filing of an Initial Complaint on January 11, 2019. (*see* "Initial Complaint" annexed hereto as Exhibit "A"). Plaintiff filed their First Amended Complaint on February 25, 2019, as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (*see* "First Amended Complaint" annexed hereto as Exhibit "B"). Defendant Gucci submitted their motion to dismiss the First Amended Complaint on April 26, 2019. (*see* "Gucci's Notice of Motion to Dismiss" annexed hereto as Exhibit "C").

Additionally, Defendant Friberg has corresponded with the undersigned stating their intent to move to dismiss the Complaint. (*see* "Letter from Defendant Friberg" annexed hereto as Exhibit "D"). On May 10, 2019, Plaintiff filed their "statement by a non-moving party" pursuant to the Individual Part Rules of Judge Laura Swain Rule A(2)(B)(iii), declaring Plaintiff's intent to request leave to amend the Complaint. (*see* "Statement by non-moving party" annexed hereto as Exhibit "E").

## Argument

Pursuant to Federal Rule of Civil Procedure 15(a), "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Second Circuit has remained "hesitant to preclude the prosecution of a possibly meritorious claim because of defects in the pleadings." *Ross v. A.H. Robins Co.*, 607 F.2d 545 (2d Cir. 1979). In the absence of a showing by the nonmovant of any prejudice or bad faith, a party should be allowed to amend their pleadings. *Block v. First Blood Associates*, 388 F.2d 344 (2d Cir, 1993).

Here, Plaintiff seeks to leave to amend the Complaint in order to further elaborate upon and clarify their specific allegations against Defendants Gucci and Friberg under all causes of action asserted pursuant to 42 U.S.C. §1983. Plaintiff intends to plead specific allegations, and to cure any ambiguities in the Complaint, regarding Defendant Gucci and Friberg's roles in conspiring and acting in concert with the New York Police Department ("NYPD") in order to infringe upon Mr. Chahine's clearly established civil rights.

Moreover, in light of both the recent exchange of Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a) and further fact investigation relating to Defendants Gucci and Friberg, Plaintiff has recently been made aware of facts further supporting their *Monell* liability claims against Defendant Gucci. Plaintiff intends to plead specific allegations of a municipal policy, custom, or practice that has directly and proximately caused Mr. Chahine's clearly established civil rights to be violated.

Separately, in order to adequately assert its Eighth Cause of Action for "Tortious Interference with Prospective Advantage," Plaintiff seeks to add Mr. Chahine's corporation, "Chahine Sportswear II, Corp." as a party to the action. Mr. Chahine individually cannot assert this cause of action. Thus, it is imperative that this additional party be added to the Complaint for recovery under this state law tort claim. Annexed as Exhibit "F" is the Proposed Amended Complaint with the changes and additions clearly delineated. Annexed as Exhibit "G" is the final version of the Second Amended Complaint.

Plaintiff has only amended their Complaint once as a matter of course. This is the first time that Plaintiff has sought the Court's permission for leave to amend their Complaint. Moreover, Defendants cannot show any demonstrable prejudice or undue burden should leave to amend be granted. Plaintiff merely intends to cure deficiencies in the Complaint, and to add factual allegations which are already known to Defendants Gucci and Friberg. At this stage of litigation, any argument that Plaintiff has acted in bad faith would be futile and baseless, as would any argument of prejudice.

It is therefore respectfully requested that the Court issue an Order granting Plaintiff leave to amend the Complaint as proposed, and upon doing so, deeming the Second Amended Complaint filed and served.

Of course, should you have any questions, or wish to discuss the matter in greater detail, please do not hesitate to contact the undersigned. Thank you for your time and attention.

Very truly yours,

*Ethan D. Irwin*

Ethan D. Irwin, Esq.