UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HASSAN CHAHINE and CHAHINE SPORTSWEAR
II CORP.,                                                                                                  Docket No. 19-cv-276

                              Plaintiff,
                                                                        **SECOND AMENDED**
                                                                        **COMPLAINT**

    -against-

THE CITY OF NEW YORK; THE
NEW YORK CITY POLICE DEPARTMENT;
OFFICERS DAVID PEREZ and MATTHEW MAURO;
and POLICE OFFICER JOHN DOE NUMBERS 1-5,
unknown and intended to be named later New York
City Police Officers involved in the occurrences herein,
individually and in their respective capacities as
members of the New York City Police Department;
GUCCI AMERICA, INC.; and WILLIAM FRIBERG,

                                                                        **Jury Trial Demanded**

                              Defendants.
-----------------------------------------------------------------X

       Hassan Chahine ("Mr. Chahine") and Chahine Sportswear II Corp. ("Chahine Sportswear"), collectively hereinafter referred to as "Plaintiffs," by their undersigned attorneys, RAISER & KENNIFF, P.C., as and for their Verified Complaint against the City of New York ("City"), the New York City Police Department ("NYPD"), Officers David Perez ("Perez") and Matthew Mauro ("Mauro"), and Police Officers John Doe Numbers 1-5, unknown and intended to be named later New York City Police Officers involved in the occurrences herein, individually and in their respective capacities as members of the New York City Police Department ("Police Officer John Doe Numbers 1-5", "NYPD Officers" or "Officers"), Gucci America Inc. ("Gucci"), and William Friberg ("Friberg"), collectively hereinafter referred to as "Defendants."

1

## NATURE OF THE CASE

1.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, as well as for various common law torts. Plaintiffs brings this action for civil rights violations, false arrest, false imprisonment, malicious prosecution, negligent hiring, negligent training, negligent supervision, and other wrongful acts by Defendants.

2.  On or about March 27, 2018, Mr. Chahine was lawfully present at Chahine Sportswear located at 46 West 28th Street New York, New York 10001.

3.  Mr. Chahine is the sole owner of Chahine Sportswear. At all relevant times herein, Mr. Chahine, as owner of Chahine Sportswear, was lawfully operating a business for the purpose of selling various clothing and merchandise which he receives from other vendors and then sells to prospective buyers.

4.  Upon information and belief, Defendant Gucci and/or Friberg became aware that Mr. Chahine was selling "Southpole" merchandise that was in direct competition with Gucci's business.

5.  Upon information and belief, Gucci and/or Friberg contacted the NYPD and falsely accused Mr. Chahine of selling merchandise that bore a counterfeit trademark to Gucci.

6.  Defendant Gucci and/or Friberg knew that their statements to the NYPD were blatantly false, and unsupported by any facts.

7.  On or about March 27, 2018, at an unknown time, Defendants Perez and Mauro took clothing from the aforementioned premises under an unjustified and wrongful assumption that the clothing was counterfeit.

8. Upon information and belief, the unjustified and wrongful information that the aforementioned clothing in Mr. Chahine's store was counterfeit came from misleading information given to the NYPD from Gucci and/or Friberg.

9. Upon information and belief, Defendant Gucci hired Defendant Friberg and Defendant Gucci disseminated training materials to Defendant Friberg.

10. Upon information and belief, Defendant Gucci utilized and employed Defendant Friberg as its intermediary to disseminate this false information.

11. Mauro later brought that clothing to Defendant Friberg. Friberg, while acting as Gucci's authorized representative, agent, employee, and as servant for Defendant Gucci, created and signed a misleading, perjured, falsified, and deceptive supporting deposition, which wrongfully asserted that the aforementioned clothing bore a counterfeit trademark.

12. Upon information and belief, Defendant Gucci hired and trained Defendant Friberg to assert that its competitors' clothing appeared to be counterfeit, when it knew it was not, in order to achieve a competitive advantage in the market.

13. Upon information and belief, Defendant Gucci's objective was and is to eliminate competition by falsely asserting that its competitors' clothing was counterfeit.

14. Upon information and belief, these training materials existed before Defendant Friberg began employment with Defendant Gucci and have been previously disseminated by Gucci to its representatives, agents, employees, and servants with that same objective as stated herein.

15. Upon information and belief, Defendant Gucci instructed and/or encouraged Defendant Friberg to create and sign misleading, perjured, falsified, and deceptive supporting depositions which falsely assert that the aforementioned clothing herein, as well as in other instances, bore a counterfeit trademark.

16. Upon information and belief, Defendant Gucci and Defendant Friberg knew that the clothing referenced in the supporting deposition bore a "Southpole" trademark and not a "Gucci" trademark.

17. Upon information and belief, Defendants Gucci and Friberg knew the clothing was manufactured by "Southpole" and marketed and sold as "Southpole".

18. At all relevant times herein, Gucci, Friberg, Perez, Mauro, and Police Officers John Doe Numbers 1-5 acted in concert, by coordinating, conspiring, and cooperating with each other in order to damage the Mr. Chahine's business operations, to damage his reputation in the industry, and to seek a competitive advantage in the market. Dennis v. Sparks, 449 U.S. 24, 27–28, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980).

19. Upon information and belief, there was a pre-existing working relationship between Defendant Gucci and Defendants City, NYPD, Perez, Mauro, and/or Police Officers John Doe Numbers 1-10, so that Gucci could disguise their harassment of small business owners as lawful.

20. Perez, Mauro, and Police Officer John Does Numbers 1-5 at all relevant times herein, knew that the supporting deposition created and signed by Friberg, acting on behalf of Gucci, and relied upon by these Defendants, was falsified, and was executed with malice intent and a motive other than to seek the ends of justice.

21. Moreover, Perez, Mauro, and Police Officer John Does Numbers 1-5 at all relevant times herein, knew that this malice intent and a motive other than to seek the ends of justice was possessed by Defendant Gucci and/or Friberg.

22. On or about March 27, 2018, at approximately 3:30 p.m., multiple NYPD Officers entered the premises of Chahine Sportswear and falsely accused Mr. Chahine of selling counterfeit merchandise, claiming that the merchandise infringed upon the company merchandise of Gucci.

23. Officers then pointed to the Southpole clothing in the store that they asserted to be counterfeit.

24. Mr. Chahine explained to the Officers that the clothing was from a company called "Southpole" and indicated to the Officers that "Southpole" labels the clothing.

25. The clothing alleged to be counterfeit by the Officers was labeled by "Southpole", and possessed clearly distinguishable characteristics unique to the national "Southpole" brand.

26. In making his best effort to clarify what he believed was the Officers' misunderstanding, Mr. Chahine attempted to provide Officers with the telephone number for "Southpole."

27. Despite numerous labels on the clothing belonging to "Southpole" being open and obvious, the same NYPD Officers, acting with the assistance of and/or in concert with Gucci and Friberg, wrongfully handcuffed, detained, wrongfully took into custody, and wrongfully imprisoned Mr. Chahine without probable cause or just reason to do so.

28. Upon information and belief, Defendants Gucci and Friberg coordinated with and requested that the NYPD arrest Mr. Chahine, despite the fact that Mr. Chahine had already provided ample evidence proving that the Southpole clothing was not counterfeit Gucci.

29. On or about April 18, 2018, Mr. Chahine was wrongfully charged under Penal Law § 165.71, with one count of Trademark Counterfeiting in the Third Degree, without probable cause or a sufficient factual or legal basis.

30. Upon information and belief, Defendant Gucci and Defendant Friberg cooperated with the City and NYPD and the New York County DA's Office in order to ensure that Mr. Chahine was charged under Penal Law §165.71.

31. Mr. Chahine was issued a Desk Appearance Ticket returnable on May 29, 2018.

32. The New York County DA's Office continued prosecution of the criminal case against Mr. Chahine, without probable cause, and without having any factual or legal grounds to continue criminal proceedings against him.

33. On or about September 26, 2018, after a criminal proceeding held in New York Criminal Court, the criminal case against Mr. Chahine was dismissed.

34. As a result of the intentional, tortious, and/or otherwise unlawful actions of Defendants, their agents, servants, employees and/or licensees, Mr. Chahine has suffered damages including, but not limited to, damage to his reputation, damage to his livelihood, loss of wages, legal fees, violation of his civil rights, violation of his constitutional rights, emotional distress, psychological trauma, compensatory damages, punitive, and/or exemplary damages.

35. As a result of the intentional, tortious, and/or otherwise unlawful actions of Defendants, their agents, servants, employees, and/or licensees, Chahine Sportswear has suffered damages including, but not limited to, reputational damage, loss of business opportunities, loss of profits, loss of income, and other severe and crippling economic losses.

## JURISDICTION AND VENUE

36. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (4), this being an action seeking redress, and to recover damages for violations of the Plaintiff's constitutional and civil rights.

37. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 USC §1391(b), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

38. Plaintiff Hassan Chahine does and did at all relevant times maintain a duly lawful and licensed business in the County of New York, City and State of New York, located at 46 West 28th Street New York, New York 10001.

39. Plaintiff Chahine Sportswear II, Corp., was and is a domestic corporation organized under the laws of the State of New York, transacting business at 46 West 28th Street, New York, New York 10001.

40. Defendant City is a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the areas of law enforcement, and for which it is ultimately responsible. The City assumes the risk incidental to the maintenance of a police force and the employment of police officers, as said risk attaches to the public consumers of the services provided by the City.

41. Defendant NYPD was and is, at all relevant times herein, a municipal agency of the Defendant City.

42. Defendants Perez, Mauro, and Police Officer John Doe Numbers 1-5 were and are, at all relevant times herein, officers, employees, and agents of the Defendant NYPD, a municipal agency of the Defendant City.

43. Defendant Gucci, was and is, at all relevant times herein, a corporation with its corporate offices located in the State of New York, maintains a principal place of business in the State of New York, conducts and carries out business in the State of New York, derives substantial revenue from goods used or consumed or services rendered in the State of New York, and at all relevant times acted through its agents, employees, servants, representatives, and/or licensees.

44. Defendant Friberg, was and is, at all relevant times herein, an employee, agent, representative, and/or servant of Defendant Gucci.

## AS AND FOR A FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 – Violation of 4th Amendment and 14th Amendment Right to Be Secure from Unlawful Seizure of Property)

45. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

46. At all relevant times herein, the conduct of the City, the NYPD, Perez, Mauro, Gucci, Friberg, and Police Officer John Does 1-5 were subject to the provisions of 42 U.S.C. §§ 1983 and 1988.

47. At all relevant times herein, all Defendants to these claims, were acting in their capacity under the color of state law, and their acts or omissions were conducted within the scope of their official duties or employment.

48. As of March 27, 2018, there existed a clearly recognized federal right pursuant to the Fourth and Fourteenth Amendments of the United States Constitution to be free from unreasonable seizures by government actors, and to be free from the deprivation of liberty without due process of law.

49. The conduct of all Defendants to this claim, acting jointly and severally under color of state law, in unlawfully seizing approximately two (2) coats, eleven (11) pants, and two hundred and eight (208) pairs of shorts from Mr. Chahine and Chahine Sportswear, knowing that they did not have probable cause to do so, was done intentionally, maliciously, negligently, and/or with a reckless disregard for the natural and probable consequences of their acts.

50. Defendant Gucci and Defendant Friberg acted in concert with the City and NYPD, and as willful participants in joint action with the NYPD to subject Mr. Chahine to a violation of his clearly established constitutional rights.

51. The conduct of all Defendants to this claim, was done without lawful justification, and was designed to cause and did cause Mr. Chahine damage to his reputation, loss of wages and employment, legal fees, and related damages in violation of Mr. Chahine's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendment to the U.S. Constitution.

52. As a direct and proximate cause of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, Mr. Chahine suffered injuries and damages, including but not limited to, reputational damage, emotional distress, loss of wages and employment, legal fees, and related damages, without negligence on the part of Mr. Chahine contributing thereto.

### AS AND FOR A SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 – Violation of 4th Amendment and 14th Amendment Right to Be Secure from Unlawful Seizure of Person)

53. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

54. At all relevant times herein, the conduct of the City, the NYPD, Perez, Mauro, Gucci, Friberg and Police Officer John Does 1-5 were subject to the provisions of 42 U.S.C. §§ 1983 and 1988.

55. At all relevant times herein, all Defendants to this claim, were acting in their capacity under the color of state law, and their acts or omissions were conducted within the scope of their official duties or employment.

56. As of March 27, 2018, there existed a clearly recognized federal right pursuant to the Fourth and Fourteenth Amendments of the United States Constitution to be free from unreasonable seizures by government actors, and to be free from the deprivation of liberty without due process of law.

57. Defendant Gucci and Defendant Friberg acted in concert with the City and NYPD, and as willful participants in joint action with the City and NYPD to subject Mr. Chahine to a violation of his clearly established constitutional rights.

58. The conduct of all Defendants to this claim, acting jointly and severally under color of state law, in unlawfully arresting and imprisoning Mr. Chahine, knowing that they did not have probable cause to do so, was done intentionally, maliciously, negligently, and/or with a reckless disregard for the natural and probable consequences of their acts.

59. The conduct of all Defendants to this claim, was done without lawful justification, and was designed to cause and did cause damage to Mr. Chahine's reputation, loss of wages and employment, legal fees, and related damages in violation of Mr. Chahine's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendment to the U.S. Constitution.

60. As a direct and proximate cause of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, Mr. Chahine suffered injuries and damages, including but not limited to, reputational damage, emotional distress, loss of wages and employment, legal fees, and related damages, without any contribution on the part of Mr. Chahine.

## AS AND FOR A THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983 – Failure to Intervene)

61. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

62. At all relevant times herein, the conduct of the City, the NYPD, Perez, Mauro, Gucci, Friberg and Police Officer John Does 1-5 were subject to the provisions of 42 U.S.C. §§ 1983 and 1988.

63. Mr. Chahine's clearly established Constitutional rights secured under the Fourth and Fourteenth Amendments were violated as a result of the conduct alleged herein.

64. At all times relevant herein, Defendants to this claim possessed a duty to intervene and stop the violations alleged herein.

65. At all times relevant herein, Defendants to this claim had a reasonable opportunity to intervene against the alleged Constitutional violations.

66. At all times relevant herein, Defendants failed to intervene against the alleged Constitutional violations.

67. Defendant Gucci and Defendant Friberg acted in concert with the NYPD, and as willful participants in joint action with the City and NYPD to subject Mr. Chahine to a violation of his clearly established constitutional rights.

68. The conduct of all Defendants to this claim, was done without lawful justification, and was designed to cause and did cause Mr. Chahine damage to his reputation, loss of wages and employment, legal fees, and related damages in violation of Mr. Chahine's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendment to the U.S. Constitution.

69. As a direct and proximate cause of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, Mr. Chahine suffered injuries and damages, including but not limited to, reputational damage, emotional distress, loss of wages and employment, legal fees, and related damages, without any contribution on the part of Plaintiff.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (42 U.S.C. § 1983 – False Arrest and False Imprisonment)

70. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

71. Defendants City, NYPD, Perez, Mauro, Gucci, Friberg, and Police Officer John Doe Number 1 – 5, acting individually and in concert, intentionally and deliberately falsely detained, arrested, restrained, and imprisoned Mr. Chahine without any admissible evidence that Mr. Chahine committed a crime.

72. Mr. Chahine was conscious of his confinement in connection with the unjustified charges against him and did not consent to the confinement.

73. The confinement of Mr. Chahine was not otherwise privileged.

74. Defendant Gucci and Defendant Friberg acted in concert with the NYPD, and as willful participants in joint action with the NYPD to subject Mr. Chahine to a violation of his clearly established constitutional rights.

75. The conduct of all Defendants to this claim, was done without lawful justification, and was designed to cause and did cause Mr. Chahine damage to his reputation, loss of wages and employment, legal fees, and related damages in violation of Mr. Chahine's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendment to the U.S. Constitution.

76. As a direct and proximate cause of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, Mr. Chahine suffered injuries and damages, including but not limited to, reputational damage, emotional distress, loss of wages and employment, legal fees, and related damages, without any contribution on the part of Mr. Chahine.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (42 U.S.C § 1983 – Malicious Prosecution)

77. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

78. The actions of the City, NYPD, Perez, Mauro, Gucci, Friberg, Police Officer John Doe Number 1-5, acting individually and in concert, intentionally and deliberately, led to a malicious prosecution of Mr. Chahine by Defendants City, NYPD, Perez, Mauro, Gucci, Friberg and John Doe Number 1-5 under Penal Law § 165.71, one count of Trademark Counterfeiting in the Third Degree.

79. Judicial proceedings were commenced and prosecuted against Mr. Chahine despite the absence of admissible evidence connecting him to the crimes alleged.

80. These judicial proceedings were undertaken without probable cause and with malice aforethought.

81. The judicial proceeding was terminated in favor of Mr. Chahine, when the case was dismissed. The prosecution was dismissed because the NYPD failed to properly investigate and prosecute the charges and let the case lapse until it was dismissed.

82. Defendant Gucci and Defendant Friberg acted in concert with the NYPD and City, and as willful participants in joint action with the NYPD and City to subject Mr. Chahine to a violation of his clearly established constitutional rights.

83. The conduct of all Defendants to this claim, was done without lawful justification, and was designed to cause and did cause Mr. Chahine damage to his reputation, loss of wages and employment, legal fees, and related damages in violation of Mr. Chahine's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendment to the U.S. Constitution.

84. As a direct and proximate cause of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, Mr. Chahine suffered injuries and damages, including but not limited to, reputational damage, emotional distress, loss of wages and employment, legal fees, and related damages, without any contribution on the part of Mr. Chahine.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (42 U.S.C. § 1983 – Municipal Liability as a Result of Negligent Hiring, Training and Supervision)

85. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

86. At all times relevant herein, the City and the NYPD, have been grossly negligent and/or deliberately indifferent in the hiring, supervision, training, and monitoring of their officers, agents, and employees.

87. Specifically, NYPD Officers are not properly supervised regarding the law surrounding counterfeit merchandise, and lack the training to know how to detect whether merchandise is counterfeit.

88. NYPD Officers are not properly trained on the procedures in recognizing and seizing material believed to be counterfeit.

89. Moreover, a culture exists within the City and the NYPD that allows Officers to coordinate, cooperate, and conspire with corporations that conduct business in New York, in order to benefit the corporation and to deprive opportunities from smaller businesses.

90. Within the City and the NYPD, a culture exists where officers are assigned to investigate cases and make arrests, are unsupervised by their superiors, turn a blind eye to the realities of situations where no criminal activity occurred, and fail to properly exclude such cases from the Courts' dockets, thereby wasting the Courts' time in addressing cases without merit. Particularly in this matter where the prosecution was dismissed on Speedy Trial Grounds because the City and NYPD supervisors failed to supervise and investigate the charge against Mr. Chahine and the case elapsed.

91. The conduct of all Defendants to this claim, was done without lawful justification, and was designed to cause and did cause Mr. Chahine damage to his reputation, loss of wages and employment, legal fees, and related damages in violation of Mr. Chahine's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendment to the U.S. Constitution.

92. As a direct and proximate cause of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, Mr. Chahine suffered injuries and damages, including but not limited to, reputational damage, emotional distress, loss of wages and employment, legal fees, and related damages, without any contribution on the part of Mr. Chahine.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (42 U.S.C. § 1983 – Municipal Liability – Monell - Unconstitutional Custom, Policy, and/or Practice Under Color of Law)

93. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

94. At all relevant times herein, the City of New York, the NYPD, and Gucci did have in place official customs, policies, and/or practices that, as a direct and proximate result thereof, caused Mr. Chahine injuries.

95. That these Defendants, individually and acting in concert, did create and implement customs, policies, and/or practices of illegally engaging, harassing, arresting, seizing property, and prosecuting small businesses and small business owners, such as Mr. Chahine and Chahine Sportswear, for purported criminal trademark infringement, that they knew or should have known was false, for the purpose of benefitting and providing a business advantage to Gucci and other corporations.

96. That the unlawful arrest, detainment, and prosecution of Mr. Chahine was in furtherance of a longstanding business practice perpetuated by Defendant Gucci to conspire with the City and NYPD to falsely accuse small business owners of selling counterfeit material.

97. That the training manuals disseminated to Defendant Friberg was a part of a longstanding practice by Gucci to employ agents, such as Defendant Friberg, to carry out their malicious objectives of infringing upon the civil rights of small business owners.

98. That it has become a customary practice of Gucci, to utilize their employees, including Defendant Friberg, and the City and NYPD, to utilize the resources of the NYPD, to infringe upon the rights of small business owners so that Gucci may receive a competitive advantage in the market.

99. That prior to the arrest of Mr. Chahine, Gucci has accused other small business owners of selling counterfeit merchandise.

100. That those other small business owners have been subjected to seizure of their property, unlawful arrest, and/or a malicious prosecution as a result of Gucci's longstanding business practice, along with the City and NYPD. See, Borisova v. Friberg, 18-cv-07440.

101. That Gucci imputed upon Friberg this custom of making false accusations so that Friberg could carry out Gucci's objectives of gaining a competitive advantage.

102. That the actions of these Defendants through their creation and implementation of official customs, policies, and/or practices, under color of law, resulted in a deprivation of Mr. Chahine's clearly established Federal Civil and Constitutional Rights.

103. That as a direct and proximate cause of these Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, Mr. Chahine suffered injuries and damages, including, but not limited to, reputational damage, emotional distress, loss of wages and employment, legal fees, and related damages, without any contribution on the part of Mr. Chahine.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
**(Tortious Interference with Prospective Economic Advantage)**

104. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

105. At all times relevant herein, the Conduct of Defendants City, NYPD, John Does Number 1 – 5, Gucci, and Friberg was intentional, illegal, wanton, malicious, and reckless, and specifically was intended to interfere with Chahine Sportswear's business relationships with all potential customers.

106. Chahine Sportswear was being lawfully operated as a business by Mr. Chahine as its owner at 46 West 28th Street New York, New York 10001, for the purpose of selling merchandise and various articles of clothing. Chahine Sportswear had well established relationships with its customers prior to the incident alleged herein.

107. Defendants knew of Chahine Sportswear's business operations and its consumer relationships.

108. By making these false allegations, Defendants intentionally interfered with Chahine Sportswear's business operations, which resulted in, inter alia, its owner Mr. Chahine's arrest and seizure of Chahine Sportswear's property.

109. Defendants acted with malice, and used dishonest, unfair and improper means, by falsely reporting a crime, falsifying a supporting deposition and disseminating that deposition to the police, with the purpose of terminating Chahine Sportswear's business, or a portion thereof.

110. Defendants engaged in criminal activity in order to achieve their objective by falsely reporting a crime and signing a sworn statement containing information they knew to be untruthful and misleading.

111. As a direct and proximate cause of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, Mr. Chahine and Chahine Sportswear suffered injuries and damages, including but not limited to, reputational damage, loss of business opportunities, loss of profits, loss of income, and other severe and crippling economic losses, without any contribution on the part of Chahine Sportswear.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand the following relief jointly and severally against the Defendants:

(a) Compensatory Damages;

(b) Punitive Damages;

(c) The convening and impaneling of a jury to consider the merits of the claims herein;

(d) Costs, interest, and attorney's fees; and

(e) Granting such other and further relief as the Court may deem just and proper.

Dated: May 13, 2019  
Mineola, New York

**RAISER & KENNIFF, P.C.**

By: *Ethan D. Irwin*

Ethan D. Irwin, Esq.  
300 Old Country Road, Suite 351  
Mineola, New York 11501  
Phone: (516) 742-7600  
Fax: (516) 742-7618  
ethan@raiserandkenniff.com  
*Attorneys For Plaintiffs*