UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
Hassan Chahine and Chahine Sportswear II, Inc.

    Plaintiffs,

- against-

The City of New York, et al,

    Defendants.
------------------------------------------------------------- x

Docket: 19-cv-0276

**PROTECTIVE ORDER AND STIPULATION**

    **WHEREAS,** on May 25, 2011, the Court adopted the Plan for Certain § 1983 Cases against the City of New York (the "§ 1983 Plan") as a pilot project; and

    **WHEREAS,** parties in actions governed by the § 1983 Plan will be required to produce certain documents and information that they may deem to be confidential or otherwise inappropriate for public disclosure; and

    **WHEREAS,** the parties seek to ensure that the confidentiality of these documents and information remains protected; and

    **WHEREAS,** good cause therefore exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

    **THE COURT HEREBY ORDERS THAT:**

    1.    As used herein, "Action" shall mean any action that is governed by the § 1983 Plan.

    2.    "Confidential Materials" shall mean (a) New York City Police Department ("NYPD") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies, (b) plaintiff's medical records, (c) a list from the New York City Police Department that identifies

plaintiff's prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests, and (d) other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the parties or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they relate to the incident(s) underlying the Complaint in the action, are obtained by the parties by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly available.

3. As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party who is not the "Producing Party," as defined herein, for that document or information.

4. A Receiving Party and that party's attorneys shall not use Confidential Materials produced in discovery in the Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

5. Attorneys for a Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

   a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

   b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

   c. Defendants' attorneys may also disclose the Confidential Materials to the New York City Police

Department, the New York City Comptroller's Office, and the New York City Mayor's Office, solely in connection with the defense or settlement of this Action.

d. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the Receiving Party's attorney shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. The attorneys for a Receiving Party making such disclosure shall retain the signed consent and furnish a copy to the Producing Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

e. Disclosure of medical records deemed "Confidential" under this Protective Order may also be made to any individual who provided the treatment described in the records or to a member of the staff of the hospital, doctor's office, or medical provider where the treatment was rendered.

6. The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be

designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel.

7.   If a Receiving Party objects to the designation of any Confidential Materials as confidential, he or she shall state such objection in writing to counsel for the Producing Party, and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 45 days of the initial objection, request the Court to remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

8.   Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

9.   Nothing in this Protective Order shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIL request.

10.     This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval.

11.     The Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify this Protective Order at any time.

Raiser & Kenniff, P.C.

By: Ethan D. Irwin
300 Old Country Rd., Ste 351
Mineola, NY 11501
Counsel for Plaintiffs

Corporation Counsel

By: Joshua Lovin
100 Church Street
New York, NY 10007
Counsel for City Defendants Perez + Mauro

SO ORDERED:

Dated: February 6, 2020
        New York, New York

SARAH L. CAVE
United States Magistrate Judge