**Draft: May 19, 2020 at 4:00 pm**

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
HASSAN CHAHINE and CHAHINE SPORTSWEAR    :
II CORP.,                                :
                                         :      19cv0276 (DLC)
                            Plaintiffs,  :
                                         :      OPINION AND ORDER
              -v-                        :
                                         :
CITY OF NEW YORK, NEW YORK CITY POLICE   :
DEPARTMENT, OFFICER DAVID PEREZ,         :
OFFICER MATTHEW MAURO, and POLICE        :
OFFICER JOHN DOE NOS. 1-5,               :
                                         :
                            Defendants.  :
                                         :
---------------------------------------- X
```

APPEARANCES

For plaintiffs:
Ethan D. Irwin
Raiser & Kenniff
300 Old Country Rd.
Mineola, NY 11756
(516) 742-7600

E. Gordon Haesloop
Bartlett, McDonough, Bastone & Monaghan
300 Old Country Rd.
Mineola, NY 11501
(516) 877-2900

For defendants:
Christopher Dominick DeLuca
Matthew Stein
New York City Law Department, Office of the Corporation Counsel
100 Church Street
New York, NY 10007
(212) 356-3535

DENISE COTE, District Judge:

On September 13, 2019, defendants City of New York (the "City"), the New York City Police Department (the "NYPD"), and police officers David Perez and Matthew Mauro (collectively, the "Defendants") moved to dismiss each of the claims asserted against them in the Second Amended Complaint ("SAC").  For the reasons that follow, the Defendants' motion is granted.

## Background

The following facts are alleged in the SAC and are assumed to be true for the purpose of addressing this motion.[1]  Hassan Chahine ("Chahine") is the owner of Chahine Sportswear, a clothing store located in New York City.

On March 27, 2018, officers Perez and Mauro "took clothing" from Chahine Sportswear, having been informed by Gucci America, Inc. ("Gucci") and William Friberg ("Friberg"), an employee of Gucci, that Chahine was selling counterfeit Gucci apparel.[2]  The same day, after Friberg confirmed that the clothing was counterfeit and signed a supporting deposition affirming the

---

[1] The Defendants have attached a number of documents to their September 13, 2019 motion to dismiss the SAC.  Each of those documents is judicially noticeable, incorporated by reference in the SAC, or integral to it.

[2] In its recitation of the facts supporting its claims, the SAC does not specify the clothing that was taken.  In the first cause of action, which is for unlawful seizure of property, the SAC alleges that the Defendants seized approximately 2 coats, 11 pants, and 208 pairs of shorts.

same, NYPD officers arrested Chahine.[3]  During the arrest, Chahine informed the police officers that the merchandise he sold was not counterfeit Gucci apparel, but instead was labeled "Southpole."  The SAC alleges that the information Gucci and Friberg provided to the NYPD was "unjustified and wrongful," and that Friberg "created and signed a misleading, perjured, falsified, and deceptive supporting deposition."

On April 18, 2018, Chahine was charged with one count of trademark counterfeiting in the third degree, in violation of New York Penal Law § 165.71.  Following a September 26, 2018 proceeding, the case against Chahine was dismissed on Speedy Trial grounds.

On January 10, 2019, Chahine commenced this action.  On June 4, Chahine filed the SAC naming the Defendants, as well as Gucci and Friberg.  The SAC alleges upon information and belief that Gucci and Friberg had a "pre-existing relationship" with all of the Defendants "so that Gucci could disguise [its] harassment of small business owners as lawful."  The SAC also alleges that Perez and Mauro knew that Friberg's supporting deposition was falsified and that the Defendants conspired with Gucci and Friberg to harm Chahine's business operations.  On

---

[3] The SAC does not specify whether Perez and Mauro were among the officers who arrested Chahine.

3

November 11, 2019, Chahine filed a stipulation of discontinuance with prejudice as to Gucci and Friberg.

The SAC asserts the following claims under 42 U.S.C. § 1983 against the Defendants: (1) unlawful seizure of property, (2) unlawful seizure of person, (3) failure to intervene, (4) false arrest and false imprisonment, and (5) malicious prosecution. The SAC also alleges § 1983 municipal liability claims and a state law claim for tortious interference with business relations against the City and NYPD.  On September 13, 2019, the Defendants moved to dismiss the SAC in its entirety.  This motion became fully submitted on January 14, 2020.[4]  On April 23, this action was reassigned to this Court.

## Discussion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Geffner v. Coca-Cola Co., 928 F.3d 198, 199 (2d Cir. 2019) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[4] In opposing the Defendants' motion to dismiss, Chahine does not defend his unlawful seizure of a person claim, nor does he contest that the NYPD is a non-suable entity.  The unlawful seizure of a person claim is deemed abandoned as to all Defendants, as are all of the claims alleged against the NYPD.

4

Charles v. Orange County, 925 F.3d 73, 81 (2d Cir. 2019) (citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Empire Merchants, LLC v. Reliable Churchill LLP, 902 F.3d 132, 139 (2d Cir. 2018).  The plaintiff must plead enough facts to "nudge[ ] [his] claims across the line from conceivable to plausible . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

When a party moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Fed. R. Civ. P., a court must "constru[e] the complaint liberally, accept[ ] all factual allegations as true, and draw[ ] all reasonable inferences in the plaintiff's favor."  Coal. for Competitive Elec., Dynergy Inc. v. Zibelman, 906 F.3d 41, 48-49 (2d Cir. 2018) (citation omitted).  But, "allegations that are conclusory are not entitled to be assumed true."  Lynch v. City of New York, 952 F.3d 67, 72 (2d Cir. 2020) (citation omitted).  The plausibility standard requires that the complaint contain "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal conduct."  Id. (citation omitted).  "A complaint is . . . deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint."

5

Sierra Club v. Con-Strux, LLC, 911 F.3d 85, 88 (2d Cir. 2018) (citation omitted).

I.   False Arrest and Malicious Prosecution

The Defendants seek dismissal of Chahine's claims for false arrest and malicious prosecution on the ground that probable cause supported his arrest and prosecution.  "Probable cause is a complete defense to a constitutional claim of false arrest . . . [a]nd continuing probable cause is a complete defense to a constitutional claim of malicious prosecution."  Betts v. Shearman, 751 F.3d 78, 82 (2d Cir. 2014).

"Probable cause exists when one has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested."  Id. (citation omitted).  "[P]robable cause exists if a law enforcement officer received information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity."  Id. (citation omitted).  There is no duty imposed on an arresting officer "to investigate exculpatory defenses offered by the person being arrested or to assess the credibility of unverified claims of justification before making an arrest."  Jocks v. Tavernier, 316 F.3d 128, 136 (2d Cir. 2003).  "Probable cause does not necessarily disappear simply

6

because an innocent explanation may be consistent with facts that an officer views as suspicious." Figueroa v. Mazza, 825 F.3d 89, 102 (2d Cir. 2016) (citation omitted).

Chahine's claims of false arrest and malicious prosecution fail because the facts alleged in the SAC, as well as the documents properly considered on this motion, show that there was probable cause for his arrest.  Friberg, a Gucci employee, informed the NYPD that Chahine was selling counterfeit merchandise, and filed a deposition in support of his allegations confirming that merchandise taken from Chahine Sportswear was indeed counterfeit.  It was Friberg's allegations and supporting deposition that led to Chahine's arrest for selling counterfeit merchandise through Chahine Sportswear.  As an employee of Gucci, Friberg was a putative victim who provided reasonably trustworthy information upon which the Defendants were entitled to rely.

Chahine does not contest that these facts, on their own, give rise to probable cause.  Instead, he argues that a finding of probable cause is defeated by the allegations in the SAC that Perez and Mauro knew that Friberg had provided them with falsified information and that the Defendants were conspiring with Gucci and Friberg to harm small businesses.  This argument is unavailing.  These allegations are wholly conclusory and therefore not entitled to be assumed true.  See Lynch, 952 F.3d

7

at 77-78 (affirming dismissal of civil rights claims based on conclusory allegations of collusion).  As Chahine has failed to plead any facts that cast doubt on whether probable cause supported his arrest, or that probable cause continued throughout his prosecution, Chahine's claims of false arrest and malicious prosecution must be dismissed.

II.  Unlawful Seizure of Property

The Defendants seek dismissal of Chahine's unlawful seizure of property claim on the ground that there was probable cause to seize his property.  When an officer has probable cause for an arrest, he may "seize things connected with the crime as its fruits or as the means by which it was committed."  United States v. Robinson, 414 U.S. 218, 225 (1973) (citation omitted); see also United States v. Gregg, 463 F.3d 160, 166 (2d Cir. 2006).

In the cause of action for unlawful seizure of property, the SAC alleges that Chahine's property, including 2 coats, 11 pants, and 208 pairs of shorts, was unlawfully seized from Chahine Sportswear because there was no probable cause to believe that Chahine was committing a crime.  That cause of action does not provide any detail on when this merchandise was seized or by whom.  Assuming that the unlawful seizure of property claim refers to Perez and Mauro taking clothing from Chahine Sportswear prior to Chahine's arrest, the claim must be

8

dismissed because, based on the SAC and documents on which the Court may rely in a review of the SAC's allegations, Perez and Mauro had probable cause to seize his merchandise.  At that time, Perez and Mauro had been informed by Friberg that Chahine was selling counterfeit clothing.  Having received information from a putative victim that Chahine was committing a crime, Perez and Mauro had probable cause to seize the merchandise at issue.

   III. Failure to Intervene

   The Defendants argue that Chahine's failure to intervene claim must be dismissed because Chahine has not plausibly alleged that his constitutional rights were violated.  "A law enforcement officer has an affirmative duty to intercede on behalf of a citizen whose constitutional rights are being violated in his presence by other officers."  O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988).  "An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know . . . that a citizen has been unjustifiably arrested . . . or . . . that any constitutional violation has been committed by a law enforcement official."  Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994).

Chahine's failure to intervene claim must be dismissed. Chahine has not plausibly pleaded that his constitutional rights were violated by any officer.

IV. Municipal Liability

The City seeks dismissal of Chahine's § 1983 municipal liability claims.  These claims against the City are premised upon the existence of a "policy or custom" of prosecuting small businesses for the purpose of benefiting Gucci, as well as on the City's failure to train its employees in how to detect counterfeit merchandise.

Municipalities cannot be held liable under § 1983 unless the plaintiff can prove that the unconstitutional action was taken pursuant to

> a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers, or pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000) (citation omitted).  "[I]solated acts by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy or usage that would justify liability." Matusick v. Erie Cty. Water Authority, 757 F.3d 31, 62 (2d Cir. 2014) (citation omitted).  Municipal liability thus requires a showing "(1) that the [City's] failure to train its employees amounted to deliberate indifference to constitutional rights;

10

(2) that there was a persistent and widespread unconstitutional governmental policy or custom; or (3) that a [City] policymaker approved any constitutional violation." Carter v. Inc. Village of Ocean Beach, 759 F.3d 159, 164 (2d Cir. 2014) (citation omitted). An "official policy or custom" may be established through the official acts of city lawmakers or "those whose edicts or acts may fairly be said to represent official policy," Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978), or by a pattern of misconduct that is "sufficiently persistent or widespread as to acquire the force of law." Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007).

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick v. Thompson, 563 U.S. 51, 61 (2011). In order to provide a basis for municipal liability, "a municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact." Id. (citation omitted). Deliberate indifference requires "proof that a municipal actor disregarded a known or obvious consequence of his action." Id. (citation omitted). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of

11

failure to train." Id. at 62 (citation omitted).  This is because "the nuance of a particular training need may only become apparent to the municipal policymakers after a pattern of violations arises in substantially similar circumstances." Cash v. County of Erie, 654 F.3d 324, 336 (2d Cir. 2011) (citation omitted).

Chahine has failed to state a § 1983 claim for municipal liability against the City.  Chahine has made no attempt to plead any factual support for his bare legal conclusions.  The SAC contains little more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Further, Chahine has failed to allege a pattern of similar violations as ordinarily required to support a failure to train claim.  Chahine's § 1983 claims against the City are dismissed.

V.   Intentional Interference with Business Relations

The City seeks dismissal of Chahine's claim for intentional interference with prospective business relations. To state a claim for tortious interference with prospective business relations under New York law, four conditions must be met: "(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations with a third party; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's

12

acts injured the relationship." Catskill Dev., L.L.C. v. Park Place Entm't Corp., 547 F.3d 115, 132 (2d Cir. 2008). Tortious interference with business relations also "requires an allegation that plaintiff would have entered into an economic relationship but for the defendant's wrongful conduct." Premium Mortg. Corp. v. Equifax, Inc., 583 F.3d 103, 107 (2d Cir. 2009) (per curiam) (citation omitted).

Chahine has not adequately pleaded a claim for tortious interference with prospective business relations against the City. The SAC contains no factual allegations that give rise to the inference that the City acted for a wrongful purpose or used dishonesty, unfair, or improper means. The SAC also fails to identify a third party with whom Chahine had prospective business relations or to allege that Chahine would have entered into an economic relationship but for the City's conduct. Chahine's claim for tortious interference with prospective business relations is therefore dismissed.

## Conclusion

The Defendants' September 13, 2019 motion to dismiss is granted. The Clerk of Court shall close this case.

Dated:   New York, New York
         May 20, 2020

_____
DENISE COTE
United States District Judge

13